THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* KATHERINE MALINOWSKI, Appellant.

**Crimes — manslaughter — criminal operation — failure of
proof necessary to sustain conviction of defendant.**

Where an indictment charging defendant with manslaughter through
performance of a criminal operation upon a woman and the testimony
for the People both indicate the existence, at the time of the alleged
operation, of peritonitis and a septic condition of the peritoneum
and there is no testimony from which the conclusion may be reached
that such condition was not caused by an already existing perforation
of the uterus, there is a failure of proof necessary to sustain a con-
viction of defendant upon the theory that the uterus was perforated
by the defendant at the time of the operation, resulting in the septic
peritonitis which caused death.

*People* v. *Malinowski*, 219 App. Div. 765, reversed.

(Argued May 4, 1927; decided May 17, 1927.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the fourth judicial
department, entered February 12, 1927, which affirmed
a judgment rendered at a Trial Term for the county
of Erie upon a verdict convicting the defendant of the
crime of manslaughter in the second degree.

*George L. Grobe* for appellant. It was reversible error
for the trial court to remove from the consideration of
the jury the question whether or not any instrument
or thing other than the curette had been inserted into
the private parts of the woman or whether or not the
curette caused the puncture. (*Broderick* v. *Brooklyn, Q.
C. & S. R. R. Co.*, 186 App. Div. 546.) The verdict of
manslaughter in the second degree was without any
evidence to support it and was unwarranted. (*People*
v. *Hoffman*, 220 N. Y. Supp. 249.)

*Guy B. Moore, District Attorney* (*John J. Kane* of
counsel), for respondent. All questions of fact and every
scintilla of evidence in the case were left to the con-

1927.]                Opinion, *Per Curiam.*              [245 N. Y. 220]

sideration of the jury by the trial court. (*People* v. *Maggiore*, 189 N. Y. 514; *People* v. *Thompson*, 198 N. Y. 396.) The verdict of manslaughter in the second degree was a proper one. (*People* v. *Heineman*, 211 N. Y. 475; *People* v. *Van Norman*, 231 N. Y. 454; *People* v. *Darragh*, 141 App. Div. 408; *Fitzgerald* v. *People*, 37 N. Y. 413; *People* v. *Young*, 96 App. Div. 33.)

*Per Curiam.* Mrs. Szeluga died on November 6, 1925, of septic peritonitis resulting from a perforation of the uterus by some mechanical means. How long the perforation had preceded the disease which it caused was uncertain. On October 26 the uterus had been penetrated by a curet in the hands of the defendant. Under the conditions existing this might have caused the damage, and if such act caused or hastened the death of Mrs. Szeluga the defendant was properly convicted of the crime of manslaughter. It may have done so. The difficulty is that the indictment alleges that prior to this last date Mrs. Szeluga was already suffering from " pain in her abdomen and uterus, infected uterus and septicemia." The testimony of the People - also indicates the existence at that time of peritonitis and a septic condition of the peritoneum. If the septic peritonitis present on November 6 was caused by the perforation there is no testimony before us from which the conclusion may be reached that the sepsis and the peritonitis present on October 26 were not also so caused. If they were then the uterus was not perforated by the defendant on that day. There is consequently a failure of the proof necessary to sustain the conviction of the defendant.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial ordered.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.